# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nathaniel Johnson, #284521, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No.: 2:09-1532-PMD |
| v. ) | |
| ) | |
| Michael McCall, Warden, ) | **ORDER** |
| Perry CI, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the court upon Petitioner Nathaniel Johnson's ("Petitioner") objections to a United States Magistrate Judge's Report and Recommendation ("R&R"), which recommends that Respondent's motion for summary judgment be granted and that Petitioner's section 2254 petition be dismissed. Having reviewed the entire record, including Petitioner's objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## BACKGROUND

Petitioner was convicted of armed robbery and assault and battery of a high and aggravated nature, and as a result, he is currently confined in the Perry Correctional Institution of the South Carolina Department of Corrections. Petitioner petitioned the court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he asks the court to grant him a new trial because of the alleged ineffective assistance offered by his trial counsel. In his petition, Petitioner argues that his trial counsel erred in failing to call three alibi witnesses during his trial. He states:

> At trial it was determined that the crime happened at "9:00 or 9:15." App. p. 143 line 4 (victim's testimony). Also a video tape was shown at trial which put the time of the crime at 9:30. App. p. 146. At the PCR hearing trial counsel testified that he interviewed a witness that would place petitioner at her home until 9:30. Trial counsel testified that it takes about 20 minutes to get from the witnesses home to the

> place where the robbery takes place. App. p. 373 lines 2–8. Trial counsel also testified that it would not have been an alibi in that she would only say she saw him until 9:30. Trial counsel also testified that there weren't going to be alibi witnesses because of what they had told me previously. App. p. 374 line 13–15.

(Petition at 6.) Respondent filed a motion for summary judgment, and the Magistrate Judge recommends that the court grant Respondent's motion. Because the Magistrate Judge concluded that Petitioner exhausted all of the remedies available to him in state court and none of the parties object to this finding, the court does not review the procedural history of Petitioner's case. Instead, it proceeds to address Petitioner's objections to the R&R.

## STANDARD OF REVIEW

### I. Magistrate Judge's R&R

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews de novo those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.*

### II. Section 2254 Petitions

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), a district court's review of the relevant state court decision is very narrow. *Jackson v. Johnson*, 523 F.3d 273, 276 (4th Cir. 2008). In cases where a state court considered and denied a claim on its merits, a federal court may grant habeas relief only if the state

2

court decision was "contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d)(1) and (d)(2).

A state court's decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). And a state court's decision involves an unreasonable application of federal law when the state court "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a particular] case," *id.*, or "applies a precedent in a context different from the one in which the precedent was decided and one to which extension of the legal principle of the precedent is not reasonable [or] fails to apply the principle of a precedent in a context where such failure is unreasonable." *Robinson v. Polk*, 438 F.3d 350, 355 (4th Cir. 2006) (internal quotation omitted). "The state court's application of clearly established federal law must be objectively unreasonable, for a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established Federal law erroneously or incorrectly." *Jackson*, 523 F.3d at 277 (internal quotation omitted).

Under § 2254(d)(2), a federal court can also grant habeas relief to a state court judgment when the state court's determination of the facts was objectively unreasonable. A state court's determination of factual issues, however, is presumed to be correct. § 2254(e)(1). Therefore, a decision adjudicated on the merits in a state court and based on a factual determination will not be

3

overturned unless the applicant rebuts the presumption of correctness by clear and convincing evidence. *Id.*; *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Cagle v. Branker*, 520 F.3d 320, 323 (4th Cir. 2008).

## **ANALYSIS OF PETITIONER'S OBJECTIONS**

After applying the standard for reviewing § 2254 petitions above, the Magistrate Judge recommends that the court grant Respondent's motion for summary judgment, as he found that the state court's decision with respect to Petitioner's ineffective assistance of trial counsel claim was neither contrary to, nor an unreasonable application of, clearly established federal law. (R&R at 13.) As he does here, Petitioner alleged in his application for post-conviction relief that his trial counsel proved ineffective by failing to call three alibi witnesses during his trial.

At an evidentiary hearing before the PCR court, counsel for Petitioner first moved for a continuance because he was unable to secure the appearance of the alleged alibi witnesses at issue. Counselor explained that he contacted two of the alleged alibi witnesses by telephone, but was informed that they did not want to be a part of the evidentiary hearing. He further explained that the third alibi witness was Petitioner's sister, and although she assured him she was going to attend the evidentiary hearing, she never showed up. The PCR judge denied the motion.

Next, Petitioner's trial counsel testified that he interviewed all three of the alleged alibi witnesses Petitioner wanted him to call, Katisha Johnson, Lashonda Dover, and Tori Dover. He had an "extensive conversation" with one of the Dover women, and he recalled that she thought Petitioner was hanging out with them the night of the robbery, but couldn't remember what time he was with them. Apparently, the Dover woman indicated that Petitioner would not have been with them past 9:30 p.m., because she usually goes to bed at that time, and that it takes about twenty

4

minutes to go from the house in which they were located to where the robbery took place. Based on his conversations with these individuals, he determined that none of them qualified as an alibi witness; rather, they were merely "people that [Petitioner] saw earlier in the day;" (R. 372) people that "saw him up till 9:30." (R. 373.) In essence, "none of them could say they were with him at the time that it occurred." (R. 394.) Petitioner also testified at the hearing. He stated the three alleged alibi witnesses were at his trial and could have testified, but the his trial counsel refused to call them. He believes they should have been called to testify because he "was with them . . . on the day of this robbery," and since his case was an identification case, their testimony could have aided him. (R. 381.)

At the conclusion of the testimony, the PCR court denied Petitioner's PCR application. On the record, the judge stated:

> I'm going to deny the application. I find that he has not proven any ineffective assistance of counsel. It seems that Counsel did contact the three potential alibi witnesses and, after interviewing them, they would not have been any help as far as alibi goes. And, in fact, even today the alibi witnesses did not show up . . . . And present Counsel talked with two of them and he's already stated on the record what they said. So, I'm going to deny the application. And I find he's failed to prove his case by the preponderance of the evidence.

(R. 396.) On a later date, the PCR judge issued an order, which memorialized his reasons for denying Petitioner's PCR application. After setting forth the applicable standard for constitutionally effective assistance of trial counsel, as established in *Strickland v. Washington*, 466 U.S. 668 (1984), the PCR judge stated:

> This court has reviewed the testimony presented at the evidentiary hearing, observed the witnesses presented at the hearing, passed upon their credibility, and weighed the testimony accordingly. Further, this Court reviewed the Clerk of Court records regarding the subject convictions, the Applicant's records from the South Carolina Department of Corrections, the trial transcript and documents from the prior proceedings, the Applicant's appellate records, the PCR application, the State's

5

Return, and the legal arguments of counsel. Pursuant to S.C. Code Ann. § 17-27-80 (1985), this Court makes the following findings of fact based upon all the probative evidence presented.

**Allegation of ineffective assistance of trial counsel for failure to investigate and present alibi witnesses**

The Applicant's allegation that his former trial counsel ("Counsel") was ineffective for failing to investigate his three alibi witnesses and have them testify at trial is without merit. At the PCR hearing, the Applicant testified that he had three alibi witnesses who were all with him at the time the crime occurred. According to the Applicant, these witnesses were present at trial to testify, but Counsel failed to call them. Counsel testified that he contacted all three witnesses and determined that none of them qualified as an alibi.

This Court finds that the Applicant's testimony is not credible. This Court does find Counsel's testimony to be credible and affords it great weight. This Court concludes that the Applicant failed to carry his burden to show that Counsel's representation fell below the standard of professional reasonableness for a criminal defense attorney in this regard. See Strickland v. Washington; Cherry v. State. Specifically, Counsel did contact the three potential witnesses and determined they were not alibis.

This Court further finds that the Applicant also failed to carry his burden of proof to show a reasonable probability that the outcome of the trial would have been different but for Counsel's alleged deficient representation in this regard. See Johnson v. State. These purported alibi witnesses did not testify at the PCR evidentiary hearing. "The applicant's mere speculation what the witnesses' testimony would have been cannot, by itself, satisfy the applicant's burden of showing prejudice." Bannister v. State, 333 S.C. 298, 303, 509 S.E.2d 807, 809 (1999) (citing Glover v. State, 318 S.C. 496, 498–99, 458 S.E.2d 538, 540 (1995)); see also Underwood v. State, 309 S.C. 560, 425 S.E.2d 20 (1992); Jackson v. State, 329 S.C. 345, 495 S.E.2d 768 (1998). Since the Applicant failed to prove both deficiency and prejudice, the allegation of ineffective assistance of trial counsel is denied and dismissed with prejudice.

### IV. CONCLUSION

Based on the specific findings above, this Court concludes that the Applicant failed to carry his burden of proof to show that his trial counsel's representation fell below reasonable professional norms or that he was prejudiced by the alleged deficient representation. Strickland v. Washington; Cherry v. State; Johnson v. State. This Court further finds that the Applicant has not established any constitutional violations or deprivations that would require this Court to grant his application.

Therefore, this PCR application must be denied and dismissed with prejudice.

(R. at 400–01.) An appellate lawyer filed a *Johnson* petition for a writ of certiorari on Petitioner's behalf, which the South Carolina Supreme Court ultimately denied.

After reviewing this record, the Magistrate Judge found that the PCR court reasonably concluded that Petitioner's trial counsel was not ineffective for failing to call any or all of the alibi witnesses. (R&R at 11.) Additionally, the Magistrate Judge believed the PCR court reasonably concluded that Petitioner had not demonstrated prejudice from his trial counsel's failure to call the alleged alibi witnesses, when none of the witnesses showed up to the evidentiary hearing. (R&R at 12.) Petitioner objects to these findings.

In *Strickland v. Washington*, the Supreme Court set out a two-prong test for evaluating ineffective assistance of counsel claims. A defendant must show: (1) that his counsel's performance did not meet "an objective standard of reasonableness," which is based on "prevailing professional norms," and (2) that his counsel's deficient performance prejudiced the defense. 466 U.S. 668, 687–88 (1984); *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). "Deficient performance is not merely below-average performance; rather, the attorney's actions must fall below the wide range of professionally competent performance." *Griffin v. Warden*, 970 F.2d 1355, 1357 (4th Cir. 1992). To "eliminate the distorting effects of hindsight," this review of counsel's performance seeks to "reconstruct the circumstances of counsel's challenged conduct" and "evaluate the conduct from counsel's perspective at the time" his decision was made. *Strickland*, 466 U.S. at 689. This review of counsel's conduct is made with the strong presumption of reasonableness. *Id.*

Petitioner claims the Magistrate Judge made the same mistake the PCR court made, by finding that the three alibi witnesses could not confirm that he was not at the scene of the robbery

7

at the time it occurred. (Objections at 2.) Petitioner asserts that Ms. Dover, one of the alleged alibi witnesses, "would place [him] at her home at 9:30 on the night of the crime and that [she would have testified that] it takes about twenty minutes to get from her home to the crime scene." (*Id.*) Petitioner believes this testimony would have amounted to an alibi, as "a video tape was shown at trial, which confirms that the crime happened at 9:30." (*Id.*) To legally support his argument, Petitioner cites *Griffin v. Warden, Maryland Correctional Adjustment Center*, where the Fourth Circuit stated, "An attorneys failure to present available exculpatory evidence is ordinarily deficient, unless some cogent tactical or other consideration justified it." 970 F.2d 1355, 1358 (4th Cir. 1992) (internal quotation omitted). Like the PCR Court and the Magistrate Judge, the court finds this argument to be without merit.

When trial counsel's conduct is challenged for failing to present certain evidence, the inquiry is generally focused on whether the investigation supporting counsel's decision not to present certain evidence was reasonable. *See Wiggins v. Smith*, 539 U.S. 510, 521–23 (2003). "*Strickland*'s objective reasonableness prong requires counsel to conduct appropriate factual and legal inquiries and to allow adequate time for trial preparation and development of defense strategies." *Huffington v. Nuth*, 140 F.3d 572, 580 (4th Cir. 1998). In this case, Petitioner's trial counsel interviewed all three of the alleged alibi witnesses, and had an "extensive" conversation with Ms. Dover. From these conversations, trial counsel concluded that, at best, these witnesses could testify that Petitioner was with them at some point during the night of the robbery, but they couldn't say what time he was with them. While Petitioner claims that the witnesses would testify that he was with them until 9:30 p.m., he did not offer any evidence to support this position at the evidentiary hearing, as none of the

alleged alibi witnesses showed up to testify on his behalf.[1] Moreover, his trial counsel only recalled one of the Dover women explaining that "she went to bed at 9:30," which does not prove that Petitioner was with them until 9:30. Based on this information, Petitioner's trial counsel reasonably concluded that none of the witnesses could testify that he was with them at the time the robbery occurred, and he made a tactical decision not to have them testify based on his reasonable investigation into the matter. Therefore, the PCR court correctly decided that Petitioner failed to carry his burden of proof to show that his trial counsel's representation fell below reasonable professional norms by deciding not to use these witnesses as alibi witnesses.

Because the court finds that Petitioner failed to show that his trial counsel's performance did not meet an objective standard of reasonableness under *Strickland*, the court does not address the PCR court's and Magistrate Judge's findings that, even if Petitioner demonstrated that his trial counsel's performance was deficient, he has not shown that he was prejudiced by such a performance. Therefore, this court's review of the record leads it to conclude that the PCR court reasonably applied *Strickland* and based its decision on a reasonable interpretation of the facts surrounding his trial counsel's decision not to call the alibi witnesses.

---

[1] To the extent Petitioner attempts to argue that his PCR counsel was ineffective for failing to subpoena the alleged alibi witnesses in order to secure their appearance at the evidentiary hearing, that claim fails. There is no constitutional right to an attorney in state post-conviction proceedings. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991).Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.

## **CONCLUSION**

Based on the foregoing, the court **GRANTS** Respondent's motion for summary judgment and **DISMISSES** with prejudice Petitioner's § 2254 petition. It is further **ORDERED** that a certificate of appealabiltiy is **DENIED** because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(b)(2).

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**March 15, 2010**
**Charleston, SC**